# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                  Case No. 07-11407-DHW
                                           Chapter 13

JAMES MOORE
ANGELA L. MOORE,

         Debtors.

ANGELA L. MOORE and
LUERUNDER EADY,

         Plaintiff,                          Adv. Pro. No. 08-1028-DHW
    v.

ALABAMA POWER COMPANY,

         Defendant.

## MEMORANDUM OPINION

The defendant filed a motion to dismiss this adversary proceeding pursuant to Fed. R. Bankr. Proc. 7012(b)(6). The motion came on for hearing on May 21, 2008. Upon consideration of the motion, the court concludes that the motion is due to be granted.

The plaintiffs filed this adversary proceeding for damages for an alleged violation of the codebtor stay imposed by 11 U.S.C. § 1301(a) and to hold the defendant in contempt under 11 U.S.C. § 105. The plaintiffs allege that the defendant violated the stay by continuing to garnish the codebtor's wages after the debtor filed the chapter 13 petition.

The facts are not disputed. Angela Moore purchased a television set from Alabama Power Company ("APCO") on February 23, 2006. Luerunder Eady

cosigned the obligation. When the debtor defaulted, APCO obtained a default judgment in state court on May 10, 2007. APCO issued a writ of garnishment against Eady's employer on August 1, 2007. Moore filed a chapter 13 petition on October 9, 2007, initiating the codebtor stay.

On October 31, 2007, the state court entered an order dismissing the garnishment and releasing the garnishee due to the debtor's bankruptcy filing. On November 7, 2007, an employee of debtor's counsel contacted APCO requesting release of the garnishment. On November 27, 2007, the state court entered an order *sua sponte* reinstating the garnishment. However, shortly thereafter on Dec. 12, 2007, the state court stayed the garnishment, and the garnishment remained stayed until it was ultimately dismissed. APCO did not receive any proceeds from the garnishment and took no affirmative action to enforce the garnishment.

The plaintiffs allege that the defendant violated the codebtor stay by continuing to garnish Eady's wages postpetition. The plaintiffs request relief under 11 U.S.C. §§ 1301 and 105. The debtor contends that Eady exerted pressure on her to repay the funds that were garnished from her wages. The debtor repaid a portion of the funds directly to Eady.

Under 11 U.S.C. § 1301, a creditor may not

act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless –
  (1) such individual became liable on or secured such debt

2

in the ordinary course of such individual's business; or
(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

The court concludes that APCO did not violate the automatic stay. The garnishment was released by court order shortly after the bankruptcy case was filed. When debtor's counsel placed the alleged telephone call to APCO requesting release of the garnishment, the garnishment had already been released by the state court order. Though this order was subsequently set aside, this action was taken *sua sponte* by the state court and not at the request of APCO. The order did not remain set aside for long. The state court entered an order staying the garnishment on December 12, 2007, and this order remained in effect until the garnishment was released.

The court concludes that APCO did not "act" or "continue any civil action" to collect the debt within the meaning of 11 U.S.C. § 1301(a) and did not commit civil contempt under 11 U.S.C. § 105. If the garnishee continued to withhold funds in violation of the state court order, APCO is not responsible for the garnishee's actions.

A separate order will enter dismissing this adversary proceeding.

Done this 28 day of May, 2008.


/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Eric T. Ray, Attorney for Defendant

3